HELANE L. MORRISON (Cal. Bar No. 127752)
JOHN S. YUN (Cal. Bar No. 112260)
PATRICK T. MURPHY (Admitted in New York)
THOMAS J. EME (Admitted in Illinois)
LLOYD A. FARNHAM (Cal. Bar No. 202231)

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, 26th Floor
San Francisco, California  94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>           Plaintiff,<br><br>     v.<br><br>SECURE INVESTMENT SERVICES, INC., AMERICAN FINANCIAL SERVICES, INC., LYNDON GROUP, INC., DONALD F. NEUHAUS, and KIMBERLY A. SNOWDEN,<br><br>           Defendants. | Case No. 2:07-cv-01724 LEW CMK<br><br>ORDER APPOINTING TEMPORARY RECEIVER |

This matter came before the Court on the Application of Plaintiff Securities and Exchange Commission ("Commission") for the appointment of a Temporary Receiver dated August 23, 2007.  The Court finds that a Temporary Receiver is necessary to prevent waste and dissipation of assets to the detriment of investors, and to assure timely and objective analysis of the financial situation of the investment program, pending further order of the Court.  This Order appoints a Temporary Receiver over defendants Secure Investment Services, Inc., American Financial Services, Inc., Lyndon Group, Inc. (hereinafter "Receivership Entities").

1                                                                                      ORDER APPOINTING
                                                                                       TEMPORARY RECEIVER

PDF created with pdfFactory trial version www.pdffactory.com

**I.**

IT IS THEREFORE ORDERED:

1. This Court hereby takes exclusive jurisdiction and possession of the assets, monies, securities, choses in action, and properties, real and personal, tangible and intangible, of whatever kind and description, wherever situated, of the Receivership Entities and/or any entities they own or control (hereinafter "Receivership Assets"), and the books, records, computers and documents, including every writing of any kind, type and description or other instrument or device by which, through or upon which information has been recorded or preserved, including but not limited to memoranda, notes, letters, bank records, statements, checks, wire instructions and confirmations, tape recordings, electronic and digital media of all types, audio and video recordings and photographs of the Receivership Entities and/or any and all related entities they own or control, including but not limited to trusts, limited liability companies, corporations, partnerships and joint ventures (hereinafter "Receivership Records").  The Receiver is hereby authorized to take and have possession of the Receivership Assets and Receivership Records. Until further order of this Court, the Receiver shall have complete and exclusive control, possession, and custody of all Receivership Assets and Receivership Records.

2. Michael J. Quilling of Quilling Selander Cummiskey & Lownds, 2001 Bryan Street, Suite 1800, Dallas, Texas 75201, with the phone number of (214) 871-2100 and facsimile number of (214) 871-2111, is appointed Receiver for the Receivership Assets and the Receivership Records.  Within ten days hereof, the Receiver shall file with the Clerk of this Court a bond in the sum of $10,000, without need for sureties approved by the Court, to assure his conscientious performance of the duties and responsibilities imposed by this Order.

3. Until further order of this Court, all assets of or under the control of the Receivership Entities, are frozen, except as otherwise specified herein.  The Receivership Entities, their respective officers, managers, trustees, escrow agents, facilitators, agents, servants, employees, attorneys, and all other persons in active concert or participation with them, are hereby restrained and enjoined from, directly and indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of or withdrawing any

PDF created with pdfFactory trial version www.pdffactory.com

1  assets and property owned by, controlled by, or in the possession of the Receivership Entities.
2  This freeze shall include, but not be limited to, those funds located in any bank accounts,
3  brokerage accounts, or any other accounts or property of the Receivership Entities.

4      4.    All persons, including the Receivership Entities, and their officers, agents,
5  servants, employees, brokers, facilitators, trustees, escrow agents, attorneys, and all persons in
6  active concert or participation with them who receive actual notice of this Order by personal
7  service or otherwise, and specifically including any bank or other financial or depository
8  institution holding accounts for or on behalf of the Receivership Entities, shall promptly deliver
9  to the Receiver all Receivership Assets in the possession or under the control of any one or more
10 of them and shall promptly surrender all Receivership Records.  No separate subpoena shall be
11 required.  Upon presentment of this Order, all persons, including financial institutions, shall
12 provide account balance information, transaction histories, all account records and any other
13 Receivership Records to the Receiver or his agents, in the same manner as they would be
14 provided were the Receiver the signatory on the account.

15     5.    The Receiver is authorized, without breaching the peace and if necessary with the
16 assistance of local peace officers or U.S. Marshals, to enter and secure any premises, wherever
17 located or situated, in order to take possession, custody, or control of, or to identify the location
18 or existence of Receivership Assets or Receivership Records.

19     6.    All persons, including Receivership Entities and their officers, agents, servants,
20 employees, brokers, bankers, facilitators, trustees, escrow agents, attorneys, and all persons in
21 active concert or participation with them who receive actual notice of this Order by personal
22 service or otherwise, are enjoined from any way interfering with the operation of the
23 Receivership or in any way disturbing the Receivership Assets and Receivership Records,
24 specifically including any proceeding initiated pursuant to the United States Bankruptcy Code,
25 except with the prior permission of this Court.  Any actions so authorized to determine disputes
26 relating to Receivership Assets and Receivership Records shall be filed in this Court.

27     7.    The Receiver is hereby authorized to make appropriate notification to the United
28 States Postal Service or any post office box or other mail depository to forward delivery of any

PDF created with pdfFactory trial version www.pdffactory.com

1  mail addressed to the Receivership Entities or any company or entity under the direction or
2  control of any of the Receivership Entities, to himself.  Further, the Receiver is hereby
3  authorized to open and inspect all such mail to determine the location or identity of assets or the
4  existence and amount of claims.

5        8.    The Receiver is hereby authorized to make from Receivership Assets such
6  ordinary and necessary payments, distributions, and disbursements as he deems advisable or
7  proper for the marshaling, maintenance, or preservation of the Receivership Assets or
8  Receivership Records.  From and after the date of entry of this Order, the Receiver shall have the
9  authority to conduct the business operations of the Receivership Entities and the entities they
10 control.

11       9.    The Receiver is hereby directed to file with this Court and serve upon the parties,
12 in accordance with Local Rule 66-232(e)(1), a preliminary report setting out the identity,
13 location, and value of the Receivership Assets, and any liabilities pertaining thereto.

14       10.   Any and all civil actions or other proceedings against the Receivership Entities
15 are hereby stayed.  Any person or entity wishing to continue to pursue or initiate a civil action or
16 other proceeding against the Receivership Entities may do so only after obtaining permission
17 from this Court to do so.  Any claim or suit that seeks recovery from Receivership Assets, or that
18 is hereinafter filed against the Receivership Entities, or the Receiver, shall be filed in this Court.
19 This provision shall not apply to any criminal proceedings against the Receivership Entities.

20       11.   Given the emergency nature of these proceedings, the Receiver is hereby
21 authorized to employ such employees, accountants, and attorneys as is necessary and proper for
22 the collection, preservation, maintenance and operation of the Receivership Assets and
23 Receivership Records and to open bank accounts or other depository accounts in the name of the
24 Receiver on behalf of the receivership estate.  As soon as possible after retaining such
25 professionals, the Receiver shall file written applications to retroactively approve the
26 employment pursuant to Local Rule 66-232(g).

27       12.   The Receiver is hereby authorized to receive and collect any and all sums of
28 money due or owing to the Receivership Entities, whether the same are now due or shall

PDF created with pdfFactory trial version www.pdffactory.com

1  hereafter become due and payable, and is authorized to incur such expenses and make such
2  disbursements as are necessary and proper for the collection, preservation, maintenance and
3  operation of the Receivership Assets.

4  13. The Receiver shall make available to the Commission, for inspection or copying,
5  all Receivership Records. In the event that a life insurance policy or policies face an imminent
6  risk of lapsing due to non-payment of premiums, and payment of the necessary minimum
7  premiums exceed the cash available in the Receivership Assets or would significantly impact the
8  ongoing operation of the Receivership Entities, the Receiver shall notify the Court and serve the
9  notice on the Commission and the Defendants to this action.

10  14. The Receiver is hereby authorized to take any actions which could be taken by the
11  officers, directors, managers, members, partners, trustees or other principals of the Receivership
12  Entities. The Receiver is entitled to transact any business or take any action that the Receivership
13  Entities would be authorized to take. The Receivership Entities are hereby directed to execute
14  any consent, authorization, resolution, or other document as may be required by any person to
15  confirm the authority of the Receiver as granted in this paragraph. The Receivership Entities are
16  further directed to cooperate fully with the Receiver, including (1) delivering to the Receiver all
17  Receivership Assets and Receivership Records, together with any related documents, records,
18  names and contact information for persons who may be custodians or otherwise involved with or
19  knowledgeable of the Receivership Assets or Receivership Records; (2) obtaining or providing
20  all bank records involving transfers of invested funds provided to or disbursed by the
21  Receivership Entities or any subsequent transferee under the direct or indirect control thereof; (3)
22  providing full accountings of the disposition of all funds invested with any Receivership Entities;
23  (4) providing all related financial records, computers, computer files, e-mail, passwords, keys,
24  security cards, access codes for premises, vehicles, vessels, aircraft; and (5) granting access to
25  safes or safe deposit boxes or any other facility containing Receivership Assets or Receivership
26  Records. The Court expects that the Receivership Entities will affirmatively assist the Receiver,
27  and not merely allow control to be taken of Receivership Assets and Receivership Records.
28

PDF created with pdfFactory trial version www.pdffactory.com

1    15.    The Receiver is authorized to remove any person from any premises or real estate constituting a Receivership Asset that attempts to interfere with the Receiver, his attorneys or agents in the performance of their duties.  The Receiver is further authorized to change any locks or other security mechanisms with respect to any premises or other assets that constitute or contain Receivership Assets or Receivership Records.

16.    Except for an act of gross negligence or intentional misconduct, the Receiver and all persons engaged or employed by him shall not be liable for any loss or damage incurred by any person or entity by reason of any act performed or omitted to be performed by the Receiver or those engaged or employed by him in connection with the discharge of their duties and responsibilities in connection with the receivership.

**II.**

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this action for all purposes.

**III.**

IT IS FURTHER ORDERED that this Order will remain in effect until modified by further order of this Court.  In accordance with Local Rule 66-232(b), a hearing to consider whether the receivership should be continued is set for September 21, 2007, at 10:00 o'clock a.m.

IT IS SO ORDERED.

SIGNED this 24th day of  August, 2007.


/s/ Ronald S. W. Lew
UNITED STATES DISTRICT JUDGE

PDF created with pdfFactory trial version www.pdffactory.com