1  HELANE L. MORRISON (Cal. Bar No. 127752)
   JOHN S. YUN (Cal. Bar No. 112260)
2  PATRICK T. MURPHY (Admitted in New York)
   THOMAS J. EME (Admitted in Illinois)
3  LLOYD A. FARNHAM (Cal. Bar No. 202231)

4  Attorneys for Plaintiff
   SECURITIES AND EXCHANGE COMMISSION
5  44 Montgomery Street, Suite 2600
   San Francisco, California  94104
6  Telephone:  (415) 705-2500
   Facsimile:  (415) 705-2501

7

8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10                             SACRAMENTO DIVISION

11

12 SECURITIES AND EXCHANGE COMMISSION,    Case No.  2:07-cv-01724 LEW CMK

           Plaintiff,

13                                         TEMPORARY RESTRAINING ORDER AND
      vs.                                  ORDER TO SHOW CAUSE RE
14                                         PRELIMINARY INJUNCTION

15 SECURE INVESTMENT SERVICES, INC.,
   AMERICAN FINANCIAL SERVICES, INC.,
16 LYNDON GROUP, INC., DONALD F. NEUHAUS,
   and KIMBERLY A. SNOWDEN,

17
           Defendants.
18

19

20       The matter came before the Court on the application of plaintiff Securities and Exchange

21 Commission ("Commission") for a temporary restraining order, order to show cause why a

22 preliminary injunction should not be issued, and for other relief.  The Court has received and

23 considered the Commission's complaint, application, memorandum of points and authorities, and the

24 declarations of Thomas J. Eme, Milo H. Segner, Jr., Michael G. Moore, Gerry H. Goldsholle, Ronald

25 C. Baer, and Michael J. Quilling, and all materials attached to the declarations, and other materials

26 filed by the Commission.

27       BEING SO ADVISED, THE COURT FINDS THAT:

28       1.    This Court has jurisdiction over the parties to, and the subject matter of, this action.

[PROPOSED] TRO

PDF created with pdfFactory trial version www.pdffactory.com

2. Good cause exists to believe that defendants Secure Investment Services, Inc., American Financial Services, Inc., Lyndon Group, Inc., Donald F. Neuhaus, and Kimberly A. Snowden (collectively, "defendants") have engaged in, are engaging in, and are about to engage in transactions, acts, practices and courses of business which constitute and will constitute violations of Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a), 77e(c), and 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

3. The Commission has demonstrated a probability of success on the merits of the action.

4. Good cause exists to believe that defendants will continue to engage in such acts and practices and in such violations of the statutes and rules set forth above to the immediate and irreparable loss and damage to investors and to the general public unless restrained and enjoined by order of this Court.

I.

IT IS ORDERED that defendants and their respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, are temporarily restrained and enjoined from, directly or indirectly, through the use of the means or instruments of transportation or communication in interstate commerce or the mails, offering to sell or selling securities, or, directly or indirectly, carrying or causing securities to be carried through the mails or in interstate commerce, for the purpose of selling or delivery after selling, in violation of Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77(e)(a) and 77(e)(c)].

II.

IT IS ORDERED that defendants and their respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, are temporarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

PDF created with pdfFactory trial version www.pdffactory.com

    A.    Employing any device, scheme or artifice to defraud;

    B.    Obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    Engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

### III.

IT IS ORDERED that defendants and their respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, are temporarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any securities, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    Employing any device, scheme or artifice to defraud;

    B.    Making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    Engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5].

### IV.

IT IS ORDERED that defendants and their respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, are temporarily restrained and enjoined from transferring, assigning, selling, hypothecating, changing, wasting, dissipating,

PDF created with pdfFactory trial version www.pdffactory.com

converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims, or other property of defendants wherever located.

V.

IT IS ORDERED that any financial or brokerage institution or other person or entity located within the territorial jurisdiction of the United States courts and holding any funds or other assets in the name, for the benefit, or under the control of defendants and which receives actual notice of this Order by personal service or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court. Excluded from this freeze are all routine dispursements, draws, and/or salaries that Kimberly Snowden's husband receives in the future from his law firm. Also excluded from this freeze are all future Social Security payments that Donald Neuhaus and/or his wife receive.

VI.

IT IS ORDERED that, except as otherwise ordered by this Court, defendants and their respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to defendants.

VII.

IT IS ORDERED that the parties to this action may immediately take discovery by any means authorized under Rules 26 through 36 and Rule 45, Federal Rules of Civil Procedure.

VIII.

IT IS ORDERED that defendants shall each file with this Court and serve upon the Commission, within five days of service of this Order, a sworn accounting of:

PDF created with pdfFactory trial version www.pdffactory.com

1. All securities, funds, real estate, and other assets of each defendant held in its, her or his name, or in which it, she or he has had any direct or indirect beneficial interest, including the current location and amount or value of each of the assets;

2. Each account with any financial institution or brokerage firm maintained in the names of defendants, or in which it, she or he has or has had any direct or indirect beneficial interest, including the current location and amount or value of each account;

3. All investor funds and assets received since January 1, 2001, including all receipts, uses, transfers, and dispositions of funds and assets, and the current locations and amounts of funds and assets.

IX.

IT IS FURTHER ORDERED that defendants appear before the Court on September 21, 2007, at 10:00 a.m., to show cause why a preliminary injunction should not be issued against them as sought by the Commission. Defendants may file and serve a written opposition not later than 4:00 p.m. on September 7, 2007. The Commission may file and serve a reply memorandum not later than 4:00 p.m. on September 14, 2007. Service of these papers shall be by facsimile, email, or personal service.

DATED: August 24, 2007 at 1:25 p.m.

/s/ Ronald S. W. Lew
Judge of the United States District Court

PDF created with pdfFactory trial version www.pdffactory.com