**BOUTIN DENTINO GIBSON**
**DI GIUSTO HODELL INC.**
Chris Gibson, SBN 073353
Maralee MacDonald, SBN 208699
555 Capitol Mall, Suite 1500
Sacramento, CA 95814-4603
(916) 321-4444

Attorneys for Receiver
Michael J. Quilling

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br>    v.<br><br>SECURE INVESTMENT SERVICES, INC., AMERICAN FINANCIAL SERVICES, INC., LYNDON GROUP, INC., DONALD F. NEUHAUS, and KIMBERLY A. SNOWDEN,<br><br>        Defendants. | Case No.  2:07-cv-01724 LEW CMK<br><br>STIPULATED MOTION FOR ORDER AUTHORIZING RECEIVER TO EMPLOY NATIONAL VIATICAL, INC.; ORDER |

The parties, at the request of Michael J. Quilling, the Receiver appointed in these proceedings, ("Receiver"), respectfully submit this Stipulated Motion for Order Authorizing Receiver to Employ National Viatical, Inc. and Order under L.R. 66-232(g).

**BACKGROUND FACTS**

1.    By Order of August 24, 2007, the Court appointed Michael J. Quilling as Temporary Receiver for Secure Investment Services, Inc. ("SIS"), American Financial Services, Inc. ("AFS") and Lyndon Group, Inc. ("LGI").  In that capacity, the Court has authorized and charged the Receiver to take complete and exclusive control, possession, and custody of all receivership assets.

2.    The Order Appointing Temporary Receiver authorizes the Receiver to employ professionals and specialists as needed to preserve and maintain the Receivership Assets in this case:

PDF created with pdfFactory trial version www.pdffactory.com

> Given the emergency nature of these proceedings, the Receiver is hereby authorized to employ such employees, accountants, and attorneys as is necessary and proper for the collection, preservation, maintenance and operation of the Receivership Assets and Receivership Records and to open bank accounts or other depository accounts in the name of the Receiver on behalf of the receivership estate. As soon as possible after retaining such professionals, the Receiver shall file written applications to retroactively approve the employment pursuant to Local Rule 66-232(g).

*Order Appointing Temporary Receiver* [Dkt. No. 27] at ¶ 11.

3.  The receivership estate's largest single asset is the portfolio of life insurance policies owned or otherwise managed by SIS, AFS and/or LGI. There are at least 42 separate policies with a combined value of death benefits exceeding $56 million. Maintaining this portfolio and monitoring each insurance policy will require a significant amount of administrative time and effort. In addition, it requires expertise in both the insurance and viatical industries. Properly maintaining each policy in the portfolio is of paramount importance in order to maximize returns to the creditors and investors.

4.  Accordingly, the Receiver requests authority under L.R. 66-232(g) to employ National Viatical, Inc. ("NVI") of Woodstock, Georgia, to administer the life insurance portfolio. NVI has been in the life settlement and viatical industry since 1999. NVI has extensive experience in monitoring and maintaining portfolios similar to the one in this case. Most recently the Receiver employed NVI in two other receiverships involving large viatical companies, each with portfolios of life insurance policies valued at over $230 million. The receiver anticipates that NVI will aid in handling all paperwork related to those policies, analyzing the policies to determine their value, obtaining updated medical reports, tracking maturities, monitoring premium payment schedules, and all other actions necessary to maintain the portfolio. The Receiver believes that employing NVI is in the best interest of the receivership estate because NVI has the experience and resources to efficiently and effectively monitor and maintain the kind of portfolio at issue in this case.

5.  NVI has agreed to maintain the portfolio for a cost of $50.00 per month for each policy plus expenses. The Receiver believes that NVI's proposed fees are reasonable and seeks

- 2 -
STIPULATED MOTION FOR ORDER AUTHORIZING RECEIVER
TO EMPLOY NATIONAL VIATICAL, INC.; ORDER
120714.1

PDF created with pdfFactory trial version www.pdffactory.com

Court approval to pay that amount on a tentative basis pending the final hearing required under L.R. 66-232.

**POINTS AND AUTHORITIES**

6. The Order Appointing Temporary Receiver authorizes the Receiver to employ and pay professionals and experts for the preservation and maintenance of Receivership Assets. It also gives the Receiver broad authority to do whatever is necessary to properly manage those assets for the benefit of the investors. On that basis, the Receiver requests authority from this Court to immediately retain NVI for the purpose of identifying the premium obligations and preventing any of the insurance policies from lapsing.

7. Federal district courts have broad authority to allow a receiver to expend funds for the benefit of the estate. *See SEC v. Elliott*, 953 F.2d 1560, 1576 (11th Cir. 1992) ("It is appropriate and obvious that a receiver will make expenditures to maintain trust property"); *see also SEC v. Phoenix Telecom, L.L.C.*, 231 F. Supp. 2d 1223, 1226-1227 (N.D. Ga. 2001) (authorizing receiver to pay professional fees to financial consulting firm). As described above, the employment of NVI would benefit the receivership estate by helping the Receiver efficiently and effectively maintain the life insurance portfolio for the benefit of the investors and creditors.

8. The Receiver requests an order authorizing him to employ NVI and to compensate it consistent with the terms described above.

**STIPULATION**

WHEREFORE, THE PARTIES STIPULATE to the entry of an order of this Court authorizing the Receiver to employ NVI and to compensate it consistent with the terms described above.

BOUTIN DENTINO GIBSON DI GIUSTO HODELL INC.

Dated: August 29, 2007            By  /s/ Maralee MacDonald
                                  Maralee MacDonald
                                  Attorneys for Receiver

PDF created with pdfFactory trial version www.pdffactory.com

```
                              SECURITIES EXCHANGE
                              COMMISSION


Dated: August 29, 2007        By   /s/ John S. Yun (as authorized on August 29, 2007)
                                   Thomas J. Eme
                                   John S. Yun
                                   Attorneys for Plaintiff Securities
                                   Exchange Commission



                              KENNY, SNOWDEN & NORINE


Dated: August 29, 2007        By /s/  Mark Norcross (as authorized on August 29, 2007)
                                   Mark Norcross
                                   Attorneys for Defendants
                                   Donald Neuhaus and
                                   Kimberly Snowden
```

**ORDER**

IT IS SO ORDERED.

Dated: September 6, 2007

/s/ Ronald S. W. Lew
Honorable Ronald S. W. Lew
UNITED STATES DISTRICT COURT JUDGE

PDF created with pdfFactory trial version www.pdffactory.com