**BOUTIN DENTINO GIBSON
DI GIUSTO HODELL INC.**
Chris Gibson, SBN 073353
Maralee MacDonald, SBN 208699
555 Capitol Mall, Suite 1500
Sacramento, CA 95814-4603
(916) 321-4444

Attorneys for Receiver
Michael J. Quilling

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                  Plaintiff,<br>       v.<br><br>SECURE INVESTMENT SERVICES, INC., AMERICAN FINANCIAL SERVICES, INC., LYNDON GROUP, INC., DONALD F. NEUHAUS, and KIMBERLY A. SNOWDEN,<br><br>                  Defendants. | Case No.  2:07-cv-01724 LEW CMK<br><br>STIPULATED MOTION FOR ORDER AUTHORIZING RECEIVER TO OBTAIN INTERIM BANK FINANCING; ORDER |

The parties, at the request of Michael J. Quilling, the Receiver appointed in these proceedings, ("Receiver"), respectfully submit this Stipulated Motion for Order Authorizing Receiver to Obtain Interim Bank Financing and Order.

## BACKGROUND

1.     By Order of August 24, 2007, the Court appointed Michael J. Quilling as Temporary Receiver for Secure Investment Services, Inc. ("SIS"), American Financial Services, Inc. ("AFS"), and Lyndon Group, Inc. ("LGI").  In that capacity, the Court has authorized and charged the Receiver to take complete and exclusive control, possession, and custody of all receivership assets.

2.     The Order Appointing Temporary Receiver authorizes the Receiver to take all necessary actions for the preservation of Receivership Assets in this case:

PDF created with pdfFactory trial version www.pdffactory.com

> The Receiver is hereby authorized . . . to incur such expenses and make such disbursements as are necessary and proper for the collection, preservation, maintenance and operation of the Receivership Assets.

*Order Appointing Temporary Receiver* [Dkt. No. 27] at ¶ 12.

3. The receivership estate's largest single asset is the portfolio of life insurance policies owned or otherwise managed by SIS, AFS and LGI. There are at least 42 separate policies with a combined value of death benefits exceeding $56 million. These policies, however, carry premium obligations believed to be at least $1.7 million a year. Failure to pay those premiums will cause some of the life insurance policies to lapse.

4. The Receiver intends to continue paying premiums on the life insurance policies, since those policies and their death benefits are the receivership estate's most valuable asset and the most likely source from which to pay potential investors and creditors.

5. Pleadings filed by the Securities and Exchange Commission indicate that SIC, AFS and LGI collectively have approximately $65,000.00 in their bank accounts. As of this date, the Receiver has no accurate information as to the exact amount of those funds which were frozen by the Court's prior Order, nor has the Receiver obtained the funds from the banks. Therefore, the Receiver has been negotiating with Sovereign Bank (in Dallas, Texas) to secure financing to help cover the premium obligations. Specifically, Sovereign Bank has agreed to provide the Receiver a $200,000.00 line of credit for a ninety (90) day term. The loan will bear interest at prime plus 1.25% and be payable interest only each month. During the term of the loan, the Receiver will obtain better information and be prepared to recommend a permanent financing solution assuming the Receivership remains in place after the hearing scheduled on September 21, 2007. The Receiver submits that this arrangement is in the receivership estate's best interests because it will ensure that enough funds are available to meet the premium obligations until a more studied approach can be completed.

6. The loan is intended to be secured by all of the insurance policies in the portfolio. This motion assumes that the Court will grant a motion to "pool" the policies, which is being filed contemporaneously with this motion. The Receiver has chosen Sovereign Bank because

PDF created with pdfFactory trial version www.pdffactory.com

1  Sovereign Bank recently established a $9 million line of credit in another large viatical case in
2  which the Receiver is also acting as receiver.  Sovereign Bank understands the viatical/life
3  settlement industry and is comfortable making a loan in these proceedings assuming that the
4  policies can be pledged to them as collateral to secure any indebtedness.

5  　　　　7.　　The Receiver requests an Order authorizing him to borrow $200,000.00 from
6  Sovereign Bank consistent with the foregoing.

## STIPULATION

WHEREFORE, THE PARTIES STIPULATE to the entry of an order of this Court authorizing the Receiver to borrow $200,000.00 from Sovereign Bank consistent with the foregoing.

BOUTIN DENTINO GIBSON DI GIUSTO HODELL INC.

Dated:  August 29, 2007        By  /s/ Maralee MacDonald
                                    Maralee MacDonald
                                    Attorneys for Receiver


SECURITIES EXCHANGE COMMISSION

Dated:  August 29, 2007        By   /s/ John S. Yun (as authorized on August 29, 2007)
                                    Thomas J. Eme
                                    John S. Yun
                                    Attorneys for Plaintiff Securities
                                    Exchange Commission


KENNY, SNOWDEN & NORINE

Dated:  August 29, 2007        By /s/   Mark Norcross (as authorized on August 29, 2007)
                                    Mark Norcross
                                    Attorneys for Defendants
                                    Donald Neuhaus and
                                    Kimberly Snowden

- 3 -
STIPULATED MOTION FOR ORDER AUTHORIZING RECEIVER
TO OBTAIN INTERIM BANK FINANCING; ORDER

120711.1

PDF created with pdfFactory trial version www.pdffactory.com

**ORDER**

IT IS SO ORDERED.

Dated: September 6, 2007

/s/ Ronald S. W. Lew
Honorable Ronald S. W. Lew
UNITED STATES DISTRICT COURT JUDGE

- 4 -
STIPULATED MOTION FOR ORDER AUTHORIZING RECEIVER
TO OBTAIN INTERIM BANK FINANCING; ORDER

120711.1

PDF created with pdfFactory trial version www.pdffactory.com