**BOUTIN DENTINO GIBSON
DI GIUSTO HODELL INC.**
Chris Gibson, SBN 073353
Maralee MacDonald, SBN 208699
555 Capitol Mall, Suite 1500
Sacramento, CA 95814-4603
(916) 321-4444

Attorneys for Receiver
Michael J. Quilling

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>     Plaintiff,<br>          v.<br><br>SECURE INVESTMENT SERVICES, INC.,<br>AMERICAN FINANCIAL SERVICES, INC.,<br>LYNDON GROUP, INC., DONALD F. NEUHAUS,<br>and KIMBERLY A. SNOWDEN,<br><br>     Defendants. | Case No.  2:07-cv-01724 LEW CMK<br><br>**STIPULATED AND UNOPPOSED ORDER AUTHORIZING RECEIVER'S ENTRY INTO COMPROMISE AND SETTLEMENT AGREEMENT**<br><br>Hearing: Nov. 2, 2007<br>Time:  10:00 a.m. |

The Defendants, at the request of Michael J. Quilling, the Receiver appointed in these proceedings, ("Receiver"), respectfully submit this Stipulated Order Authorizing Receiver's Entry into Compromise and Settlement Agreement under L.R. 66-232, which will be unopposed by Plaintiff Securities and Exchange Commission.

**BACKGROUND**

1. By Order of August 24, 2007, the Court temporarily appointed Michael J. Quilling as Receiver for Secure Investment Services, Inc. ("SIS"), American Financial Services, Inc. ("AFS") and Lyndon Group, Inc. ("LGI") and other related entities.  The parties have stipulated to the entry of an Order of this Court appointing Michael J. Quilling as Receiver for Secure Investment Services, Inc. ("SIS"), American Financial Services, Inc. ("AFS") and Lyndon Group, Inc. ("LGI") and other related entities for the duration of these proceedings.

2. The Receiver has negotiated the Compromise and Settlement Agreement between Michael J. Quilling, as Receiver for Secure Investment Services, Inc., et al., (the "Receiver") on the one hand and Donald and Linda Neuhaus (the "Neuhauses") and Kimberly Snowden ("Snowden") (collectively "Individual Defendants") on the other hand (the "Compromise and Settlement Agreement"). A copy of the Compromise and Settlement Agreement is attached as Exhibit A.

3. Among other things, the Compromise and Settlement Agreement requires the Individual Defendants to turn over possession of certain assets to the Receiver, so that the Receiver may sell those assets with the rights and claims of all parties to attach to the proceeds of the sale of the assets in the same order and with the same priority as those rights and claims attach to the assets before they were turned over to the Receiver. It is anticipated that these rights and claims to the property will be resolved later in this proceeding. By transferring these assets to the Receiver by the Agreed Order, the Individual Defendants do not waive any claim that they may have to the property and they do not waive the right to claim that any of the assets covered by the Compromise and Settlement Agreement constitute homestead property, exempt property, that tenancy in the entirety exists or that any other property rights apply.

4. The Receiver seeks an Order of this Court authorizing him to enter into the Compromise and Settlement Agreement and authorizing him to take any reasonable steps to carry out the terms of the Compromise and Settlement Agreement.

5. The Securities and Exchange Commission has informed Receiver's counsel that the Commission will not oppose this stipulated application.

## **STIPULATION**

6. The Defendants hereby stipulate to an order of this Court authorizing Receiver to enter into the Compromise and Settlement Agreement attached as Exhibit A to this Stipulation, and an order of this Court authorizing Receiver to take any reasonable steps to carry out the terms of the Compromise and Settlement Agreement.

|     |                             |                                                                                                                                                                                  |
| --- | --------------------------- | -------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
| 1   |                             | Respectfully submitted,                                                                                                                                                          |
| 2   |                             | BOUTIN DENTINO GIBSON DI GIUSTO HODELL INC.                                                                                                                                      |
| 4   | Dated: October 25, 2007     | By  /s/ *Maralee MacDonald*<br>Maralee MacDonald<br>Attorneys for Receiver of Secure Investment Services, Inc., American Financial Services, Inc., and Lyndon Group, Inc.        |
| 10  |                             | MOSS & LOCKE                                                                                                                                                                     |
| 11  | Dated: October 24, 2007     | By  /s/ *Bruce Locke*  (authorized 10/24/2007)<br>Bruce Locke<br>Attorneys for Defendants<br>Donald Neuhaus                                                                      |
| 16  |                             | KENNY, SNOWDEN & NORINE                                                                                                                                                          |
| 17  | Dated: October 23, 2007     | By  /s/ *Mark Norcross* (authorized 10/23/2007)<br>Mark Norcross<br>Attorney for Defendant<br>Kimberly Snowden                                                                   |

**ORDER**

IT IS SO ORDERED.

SIGNED this 26th day of October, 2007.

*/s/ Ronald S.W. Lew*
_____
Honorable Ronald S.W. Lew
United States District Judge

# EXHIBIT A

## COMPROMISE AND SETTLEMENT AGREEMENT

This Compromise and Settlement Agreement is entered into and is binding upon Michael J. Quilling, as Receiver for Secure Investment Services, Inc., et al., (the "Receiver") on the one hand and Donald and Linda Neuhaus (the "Neuhauses") and Kimberly Snowden ("Snowden") (collectively "Individual Defendants") on the other hand.  This Agreement shall become effective when approved by the Court presiding over the Receivership Proceedings.

## RECITALS

WHEREAS, by order dated August 24, 2007 ("Receivership Order"), the Receiver was appointed in *Securities and Exchange Commission v. Secure Investment Services, Inc., et al.,* Cause No. 2:07-cv-01724 LEW CMK (E.D. Cal.) (the "Receivership Proceedings") for Secure Investment Services, Inc. ("SIS"), American Financial Services, Inc. ("AFS"), and Lyndon Group, Inc. ("LGI") (collectively "Corporate Defendants");

WHEREAS, the Receiver alleges that certain assets owned by or in possession of the Individual Defendants and entities under their ownership and control are receivership estate assets and subject to the Receivership Order;

WHEREAS, the Individual Defendants assert various and separate claims to some of those assets and assert that such claims are superior to the interests of the Receiver or the receivership estate;

WHEREAS, by entering into this agreement, the Individual Defendants are not admitting any civil or criminal liability and this agreement cannot be utilized as an admission of liability of any kind in the United States District Court, Eastern District of California civil case entitled *Securities and Exchange Commission v. Secure Investment Services, Inc. et al.*, Case No. 07-CV-01724 LEW CMK; or the United States District Court, Eastern District of California criminal case entitled *United States v. Donald Fred Neuhaus, et al.*, Case No. Cr. S-07-366 GEB (the "Criminal Case").

1    WHEREAS, in an effort to resolve any and all disputes among them and to avoid further
2    uncertainties, costs, and expenses of litigation and appeal, the Receiver has reached the following
3    agreement with the Individual Defendants.

**AGREEMENTS**

5    NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of
6    which is hereby acknowledged, the Receiver and the Individual Defendants agree as follows:

7    **1.    Vehicles to be Surrendered to the Receiver.**  Immediately upon Court approval
8    of this Agreement, the following vehicle shall be deemed to be a receivership estate asset and the
9    Neuhauses agree to surrender it to the Receiver:

10    2004 Ford T-bird, VIN # 1FAHP60A648109974.

11    **2.    House to be Surrendered to the Receiver**.  Immediately upon Court approval of
12    this Agreement, the house located at 7783 Churn Creek Road, Redding, California 96002 ("the
13    "House") shall be deemed to be a receivership estate asset and the Neuhauses agree to surrender
14    possession of it to the Receiver.  While the parties are awaiting Court approval of this agreement
15    and during the sales period, the Receiver shall be responsible for all mortgage payments and
16    other items of maintenance with respect to the House.

17    The Magistrate Judge in the Criminal Case previously has entered an order requiring
18    Donald Neuhaus to post a secured bond (the "Order").  It is anticipated that the United States
19    Attorney will make a motion to amend the Order so that a secured bond is not required so long as
20    the Receiver holds any proceeds from the sale of the House, subject to further order of the Court
21    in the Receivership Proceedings.  The Individual Defendants agree that they will not oppose such
22    a motion.  If the Receiver sells the House prior to the amendment of the Order contemplated
23    above, then the Receiver will deposit the first $400,000 of proceeds from the sale of the House
24    with the Clerk of the United States District Court for the Eastern District of California to secure
25    Mr. Neuhaus' bond in the Criminal Case, while awaiting subsequent orders by the Court.

26    **3.    Insurance Policies to be Transferred to the Receiver**.  The Neuhauses agree to
27    immediately execute all appropriate documentation required by the insurance companies to
28    transfer ownership of the following insurance policies from their individual name to the

Receiver:

| Insured | Ins. Company | Policy Number | Owner |
|---|---|---|---|
| Mat-P. | State Life | 5110056540 | Linda Neuhaus |
| Arm-A. | Empire General | 00071834 | Donald Neuhaus |
| Bon-H&P | West Coast Life Ins Co | ZUA374355 | Donald Neuhaus |
| Joh-H. | MetLife | 998951314UM | Donald Neuhaus |
| Qui-W. | United of Omaha | BU1060089 | Donald Neuhaus |
| Quil-W. | United of Omaha | BU1063056 | Donald Neuhaus |
| Sch-T. | Banner Life | 17B154899 | Donald Neuhaus |
| Sil-I. | MetLife | 957100763E2 | Donald Neuhaus |
| Sle-K. | John Hancock Mutual Life | UL00256941 | Donald Neuhaus |
| Sle-K. | New York Life | 62782845 | Donald Neuhaus |
| Sle-K. | New York Life | 62782843 | Donald Neuhaus |
| Vin-M. | Conseco | 1090251085 | Donald Neuhaus |
| Fru-K. | Allstate | 763605186 | Donald Neuhaus |
| Sle-K. | John Hancock Mutual Life | UL00257151 | Donald Neuhaus |

The Receiver has already been paying and will continue to pay all premiums related to the foregoing policies. To the extent the Receiver identifies additional policies in the name of Donald or Linda Neuhaus in the future, each of them agrees to promptly execute any documentation required to transfer ownership to the Receiver.

**4. Failure to Perform Shall Be Civil Contempt.** Should the Individual Defendants or any one of them fail to surrender possession of the assets or perform the obligations stated as required herein, they agree that such act shall constitute contempt in violation of the Receivership Order and fully understand and agree that the Receiver shall be free to seek civil contempt sanctions against them.

**5. Waivers**. By transferring assets to the Receiver under this Compromise and Settlement Agreement, the Individual Defendants do not waive any claim that they may have to the property and they do not waive the right to claim that any of the assets covered by this agreement constitute homestead property, exempt property, that tenancy in the entirety exists or that any other property rights apply.

**6. Agreed Order Appointing Receiver**. The Individual Defendants agree to the entry of an Agreed Order Appointing Receiver for the Corporate Defendants.

**7. Court Approval.** This Agreement is expressly conditioned upon approval by the Court presiding over the Receivership Proceedings.

**8.     Entire Agreement.**  This Agreement sets forth the entire agreement between the Individual Defendants and the Receiver and there are no unwritten representations, agreements, understandings, or promises not expressly set forth herein.

**9.     Advice of Counsel.**  In negotiating this Agreement, the Individual Defendants have had the opportunity to consult with counsel of their choosing, have been fully advised by counsel as to the effect of each and every provision of this Agreement and the consequences thereof, and have a full understanding of possible courses of action other than signing this Agreement.  After such advice, the Individual Defendants freely and voluntarily enter into this Agreement.

**10.    Full Authority to Contract.**  The Individual Defendants expressly represent that, to the extent their successors, trusts, heirs, or other beneficiaries have any interest in the matters that are the subject of this Agreement, they are fully authorized to contract on their behalf and have complete authority to execute this Agreement with respect to those assets.  This Agreement shall be binding upon the Individual Defendants, their successors, trusts, heirs, other beneficiaries and all those who could make a claim by or through them.

**[Signature Page to Follow]**

_____   _____
Donald Neuhaus                                                                                                Date

_____   _____
Linda Neuhaus                                                                                                  Date

_____   _____
Kimberly Snowden                                                                                          Date

_____   _____
Michael J. Quilling, Receiver for                                                                    Date
Secure Investment Services, Inc., et al.

Compromise and Settlement Agreement
- 8 -

121674.2