1  **BOUTIN DENTINO GIBSON**
   **DI GIUSTO HODELL INC.**
2  Chris Gibson, SBN 073353
   Maralee MacDonald, SBN 208699
3  555 Capitol Mall, Suite 1500
   Sacramento, CA 95814-4603
4  (916) 321-4444

5

6  Attorneys for Receiver
   Michael J. Quilling
7
                    UNITED STATES DISTRICT COURT
8
                    EASTERN DISTRICT OF CALIFORNIA
9
                          SACRAMENTO DIVISION
10

11 | SECURITIES AND EXCHANGE COMMISSION, | Case No. 2:07-cv-01724 LEW CMK

12 |         Plaintiff,                  | **STIPULATION TO ENTER**
                                          **AGREED ORDER APPOINTING**
13 |         v.                          | **RECEIVER**

14 | SECURE INVESTMENT SERVICES, INC.,    | Hearing: Nov. 2, 2007
   | AMERICAN FINANCIAL SERVICES, INC.,   | Time: 10:00 a.m.
15 | LYNDON GROUP, INC., DONALD F. NEUHAUS,
   | and KIMBERLY A. SNOWDEN,
16 |         Defendants.

17

18     The parties, at the request of Michael J. Quilling, the Receiver appointed in these

19 proceedings, ("Receiver"), respectfully submit this Stipulation for Entry of Agreed Order

20 Appointing Receiver under L.R. 66-232.

21                              **BACKGROUND**

22     1.     By Order of August 24, 2007, the Court temporarily appointed Michael J.

23 Quilling as Receiver for Secure Investment Services, Inc. ("SIS"), American Financial Services,

24 Inc. ("AFS") and Lyndon Group, Inc. ("LGI") and other related entities.

25     2.     Pursuant to L.R. 66-232, this Court has set a further hearing regarding

26 continuation of the receivership and Receiver's appointment.

27

28

Stipulation to Agreed Order Appointing Receiver
- 1 -

121673.2

1

**STIPULATION**

2   3.   The parties hereby stipulate to the entry of the Agreed Order Appointing Receiver

3   attached as Exhibit A to this Stipulation.

Respectfully submitted,

BOUTIN DENTINO GIBSON DI GIUSTO
HODELL INC.

Dated:  October 29, 2007    By  /s/ Maralee MacDonald
                                Maralee MacDonald
                                Attorneys for Receiver of Secure
                                Investment Services, Inc., American
                                Financial Services, Inc., and Lyndon
                                Group, Inc.

SECURITIES AND EXCHANGE
COMMISSION

Dated:  October 26, 2007    By  */s/ Thomas J. Eme* (authorized on 10/26/2007)
                                Thomas J. Eme
                                John S. Yun
                                Attorneys for Plaintiff Securities
                                Exchange and Commission

MOSS & LOCKE

Dated: October 27, 2007    By  /s/ Bruce Locke (authorized 10/27/07)
                                Bruce Locke
                                Attorneys for Defendant
                                Donald Neuhaus

KENNY, SNOWDEN & NORINE

Dated:  October 26, 2007    By  */s/ Mark Norcross* (authorized on 10/26/2007)
                                Mark Norcross
                                Attorney for Defendant
                                Kimberly Snowden

# EXHIBIT A
**(Agreed Order Appointing Receiver)**

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| 11  SECURITIES AND EXCHANGE COMMISSION, | Case No.  2:07-cv-01724 LEW CMK |
| 12  Plaintiff, | **AGREED ORDER APPOINTING RECEIVER** |
| 13  v. | |
| 14  SECURE INVESTMENT SERVICES, INC., AMERICAN FINANCIAL SERVICES, INC., LYNDON GROUP, INC., DONALD F. NEUHAUS, | |
| 15  and KIMBERLY A. SNOWDEN, | |
| 16  Defendants. | |

17

18    This matter came before this Court on the Stipulation between Plaintiff Securities and
19 Exchange Commission ("Commission") and the Defendants for the appointment of a Receiver
20 for the corporate Defendants for the duration of these proceedings.  It appears that this Order
21 Appointing Receiver is both necessary and appropriate in order to prevent waste and dissipation
22 of the assets of the corporate Defendants to the detriment of investors pending further order of
23 the Court.

24                                                **I.**

25    IT IS THEREFORE ORDERED:

26    1.    This Court hereby takes exclusive jurisdiction and possession of the assets,
27 monies, securities, choses in action, and properties, real and personal, tangible and intangible, of
28 whatever kind and description, wherever situated, of the corporate Defendants and/or any entities

1   they or the individual Defendants own or control (hereinafter "Receivership Assets"), and the
2   books, records, computers and documents, including every writing of any kind, type and
3   description or other instrument or device by which, through or upon which information has been
4   recorded or preserved, including but not limited to memoranda, notes, letters, bank records,
5   statements, checks, wire instructions and confirmations, tape recordings, electronic and digital
6   media of all types, audio and video recordings and photographs of the corporate Defendants
7   and/or any and all related entities they or the individual Defendants own or control, including but
8   not limited to trusts, limited liability companies, corporations, partnerships and joint ventures
9   ("Receivership Records").  The Receiver is hereby authorized to take and have possession of the
10  Receivership Assets and Receivership Records.  Until further order of this Court, the Receiver
11  shall have complete and exclusive control, possession, and custody of all Receivership Assets
12  and Receivership Records.

13  2.   Michael J. Quilling of Quilling Selander Cummiskey & Lownds, 2001 Bryan
14  Street, Suite 1800, Dallas, Texas 75201, with the phone number of (214) 871-2100 and facsimile
15  number of (214) 871-2111, is appointed Receiver for the Receivership Assets and the
16  Receivership Records.  The bond in the sum of $10,000, already posted by the Receiver shall
17  suffice to assure his conscientious performance of the duties and responsibilities imposed by this
18  Order.

19  3.   All persons, including the Defendants, and their officers, agents, servants,
20  employees, brokers, facilitators, trustees, escrow agents, attorneys, and all persons in active
21  concert or participation with them who receive actual notice of this Order by personal service or
22  otherwise, and specifically including any bank or other financial or depository institution holding
23  accounts for or on behalf of the Defendants, shall promptly deliver to the Receiver all
24  Receivership Assets in the possession or under the control of any one or more of them and shall
25  promptly surrender all Receivership Records.  No separate subpoena shall be required.  Upon
26  presentment of this Order, all persons, including financial institutions, shall provide account
27  balance information, transaction histories, all account records and any other Receivership
28

1  Records to the Receiver or his agents, in the same manner as they would be provided were the
2  Receiver the signatory on the account.

3      4.    The Receiver is authorized, without breaching the peace and if necessary with the
4  assistance of local peace officers or U.S. Marshals, to enter and secure any premises, wherever
5  located or situated, in order to take possession, custody, or control of, or to identify the location
6  or existence of Receivership Assets or Receivership Records.

7      5.    All persons, including Defendants and their officers, agents, servants, employees,
8  brokers, bankers, facilitators, trustees, escrow agents, attorneys, and all persons in active concert
9  or participation with them who receive actual notice of this Order by personal service or
10 otherwise, are enjoined from any way interfering with the operation of the Receivership or in any
11 way disturbing the Receivership Assets and Receivership Records, specifically including any
12 proceeding initiated pursuant to the United States Bankruptcy Code, except with the prior
13 permission of this Court.  Any actions so authorized to determine disputes relating to
14 Receivership Assets and Receivership Records shall be filed in this Court.

15     6.    The Receiver is hereby authorized to make appropriate notification to the United
16 States Postal Service or any post office box or other mail depository to forward delivery of any
17 mail addressed to the corporate Defendants or any company or entity under the direction or
18 control of any of the Defendants, to himself.  Further, the Receiver is hereby authorized to open
19 and inspect all such mail to determine the location or identity of assets or the existence and
20 amount of claims.

21     7.    The Receiver is hereby authorized to make from Receivership Assets such
22 ordinary and necessary payments, distributions, and disbursements as he deems advisable or
23 proper for the marshaling, maintenance, or preservation of the Receivership Assets or
24 Receivership Records.  From and after the date of entry of this Order, the Receiver shall have the
25 authority to conduct the business operations of the corporate Defendants and the entities they
26 control, including the collection of rents or continuation or termination of any employment
27 arrangement, leases and/or contracts and the terms thereof and to sell, rent, lease or otherwise
28 hypothecate or dispose of the Receivership Assets.  The Receiver shall have the authority to

1  contact and negotiate with any creditors of the corporate Defendants for the purpose of
2  compromising or settling any claim.  To this purpose, in those instances in which Receivership
3  Assets serve as collateral to secured creditors, the Receiver may surrender such assets to secured
4  creditors, and shall have the authority to make such surrender conditional upon the waiver of any
5  deficiency of collateral.  Furthermore, the Receiver is authorized to renew, cancel, terminate, or
6  otherwise adjust any pending lease agreement to which the corporate Defendants are a party.

7        8.      The Receiver is hereby directed to file with this Court and serve upon the parties,
8  within 30 days after entry of this Order, a preliminary report setting out the identity, location,
9  and value of the Receivership Assets, and any liabilities pertaining thereto.

10       9.      Any and all civil actions or other proceedings against the corporate Defendants
11 are hereby stayed.  Any person or entity wishing to continue to pursue or initiate a civil action or
12 other proceeding against the corporate Defendants may do so only after obtaining permission
13 from this Court to do so.  Any claim or suit that seeks recovery from Receivership Assets, or that
14 is hereinafter filed against the corporate Defendants, or the Receiver, shall be filed in this Court.
15 This provision shall not apply to any criminal proceedings against the Defendants.

16       10.      The Receiver is hereby authorized to employ such employees, accountants, and
17 attorneys as is necessary and proper for the collection, preservation, maintenance and operation
18 of the Receivership Assets and Receivership Records and to open bank accounts or other
19 depository accounts in the name of the Receiver on behalf of the receivership estate.

20       11.      The Receiver is hereby authorized to receive and collect any and all sums of
21 money due or owing to the corporate Defendants, whether the same are now due or shall
22 hereafter become due and payable, and is authorized to incur such expenses and make such
23 disbursements as are necessary and proper for the collection, preservation, maintenance and
24 operation of the Receivership Assets.  The Receiver is further authorized, in his discretion, to
25 abandon or sell assets which are less than $1,500.00 in value without obtaining further order of
26 the Court, provided that such action is set forth in the Receiver's Final Report.

27       12.      The Receiver is hereby authorized to institute, defend, compromise, or adjust such
28 actions or proceedings in state or federal courts now pending and hereafter instituted, as may in

his discretion be advisable or proper for the protection of the Receivership Assets or proceeds therefrom, and to issue subpoenas, institute, prosecute, compromise or adjust such actions or proceedings in state or federal court as may in his judgment be necessary or proper for the collection, preservation, and maintenance of the Receivership Assets.

13. The Receiver is hereby authorized to institute such actions or proceedings to impose a constructive trust, obtain possession and/or recover judgment with respect to persons or entities who received assets or funds or proceeds from the corporate Defendants. All such actions shall be filed in this Court. The Receiver is specifically authorized to pursue such actions on behalf of and for the benefit of the constructive trust beneficiaries, including without limitation any and all investors who may be the victims of the fraudulent conduct alleged herein by the Commission. The Receiver is hereby appointed as the representative of such investors for the purpose of making requests to any authority, foreign or domestic, for the return of the funds that such investors contributed to the Defendants, wherever such funds may have been transferred, and for the purpose of filing actions to recover such funds wherever the Receiver may deem necessary.

14. The Receiver is hereby authorized to take any actions which could be taken by the officers, directors, managers, members, partners, trustees or other principals of the corporate Defendants. The Receiver is entitled to transact any business or take any action that the corporate Defendants would be authorized to take. The Defendants are hereby directed to execute any consent, authorization, resolution, or other document as may be required by any person to confirm the authority of the Receiver as granted in this paragraph. The Defendants are further directed to cooperate fully with the Receiver, including (1) delivering to the Receiver all Receivership Assets and Receivership Records, together with any related documents, records, names and contact information for persons who may be custodians or otherwise involved with or knowledgeable of the Receivership Assets or Receivership Records; (2) obtaining or providing all bank records involving transfers of invested funds provided to or disbursed by the Defendants or any subsequent transferee under the direct or indirect control thereof; (3) providing full accountings of the disposition of all funds invested with any Defendants; (4) providing all related

financial records, computers, computer files, e-mail, passwords, keys, security cards, access codes for premises, vehicles, vessels, aircraft; and (5) granting access to safes or safe deposit boxes or any other facility containing Receivership Assets or Receivership Records. The Court expects that the Defendants will affirmatively assist the Receiver, and not merely allow control to be taken of Receivership Assets and Receivership Records.

15. Upon the request of the Receiver, the United States Marshal's Office is hereby ordered to assist the Receiver in carrying out his duties to take possession, custody, or control of, or identify the location of, any Receivership Assets or Receivership Records. The Receiver is authorized to remove any person from any premises or real estate constituting a Receivership Asset that attempts to interfere with the Receiver, his attorneys or agents in the performance of their duties. The Receiver is further authorized to change any locks or other security mechanisms with respect to any premises or other assets that constitute or contain Receivership Assets or Receivership Records.

16. The Receiver shall keep the Commission apprised at reasonable intervals of developments concerning the operation of the receivership, and shall provide to the Commission upon request any documents under the control of the Receiver.

17. The Receiver shall file on at least a quarterly basis an application for approval of the disbursements for professional fees and expenses to himself or others. The Receiver may pay up to 90% of the professional fees and 100% of the expenses on a monthly basis, provided statements are made on a monthly basis to the Commission, no objections thereto have been presented, and applications have been made as required. Any and all costs incurred by the Receiver shall be paid from the Receivership Assets.

18. Except for an act of gross negligence or intentional misconduct, the Receiver and all persons engaged or employed by him shall not be liable for any loss or damage incurred by any person or entity by reason of any act performed or omitted to be performed by the Receiver or those engaged or employed by him in connection with the discharge of their duties and responsibilities in connection with the receivership.

**II.**

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this action for all purposes.  The Receiver is hereby authorized and directed to apply to this Court, with notice to the Commission and the Defendants, for issuance of such other orders as may be necessary and appropriate in order to carry out the mandate of this Court.

**III.**

IT IS FURTHER ORDERED that this Order will remain in effect until modified by further order of this Court.

SIGNED this 30th day of October, 2007.

*/s/ Ronald S.W. Lew*

———————————————————
Honorable Ronald S.W. Lew
United States District Judge