**BOUTIN GIBSON DI GIUSTO HODELL INC.**
Chris Gibson, SBN 073353
Maralee MacDonald, SBN 208699
555 Capitol Mall, Suite 1500
Sacramento, CA 95814-4603
(916) 321-4444

**QUILLING, SELANDER, CUMMISKEY
 & LOWNDS, P.C.**
Michael J. Quilling (Tex. Bar No. 16432300) – Admitted Pro Hac Vice
D. Dee Raibourn, III (Tex. Bar No. 24009495) – Admitted Pro Hac Vice
Brent J. Rodine (Tex. Bar No. 24048770) – Admitted Pro Hac Vice
2001 Bryan Street, Suite 1800
Dallas, TX  75201
Telephone:  (214) 871-2100
Facsimile:  (214) 871-2111

Attorneys for Receiver
Michael J. Quilling

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>             Plaintiff,<br>       v.<br><br>SECURE INVESTMENT SERVICES, INC., AMERICAN FINANCIAL SERVICES, INC., LYNDON GROUP, INC., DONALD F. NEUHAUS, and KIMBERLY A. SNOWDEN,<br><br>             Defendants. | Case No.  2:07-cv-01724 LEW CMK<br><br>STIPULATED MOTION TO APPOINT EXAMINER; ORDER |

TO THE HONORABLE RONALD S.W. LEW, UNITED STATES DISTRICT JUDGE:

COMES NOW, Michael J. Quilling, in his capacity as Receiver ("Receiver"), and files this Stipulated Motion to Appoint Examiner and in support of such would respectfully show unto the Court as follows:

//

1
STIPULATED MOTION TO APPOINT EXAMINER; ORDER

123884.1

1.     On August 23, 2007, the United States Securities and Exchange Commission filed its Complaint thereby initiating these proceedings and, in connection therewith, sought the appointment of a receiver. On August 24, 2007, the Court entered its Order Appointing Temporary Receiver pursuant to which Michael J. Quilling was appointed as receiver. On October 30, 3007, the Court issued an Order Appointing Receiver pursuant to which the receivership was made permanent during the duration of these proceedings.

2.     After his appointment, the Receiver conducted a preliminary review of the books and records of the receivership entities. Based on that review, the Receiver has sent out over 660 claims forms to investors.

3.     As the Court is aware, the Receiver has already sought and obtained Court approval for actions in these proceedings which impact the interests of investors. Several of those actions, most importantly the pooling of assets, have proven unpopular with a number of investors. It has been brought to the Receiver's attention that several investors are attempting to organize investors to challenge the Receiver's action and are actively encouraging investors not to cooperate with the Receiver or to complete claim forms. These actions, if they continue, will seriously undermine the Receiver's efforts in these proceedings and constitute contempt of Court. As these actions have been brought to the attention of the Receiver, his counsel has been communicating with the investors to allay some of their concerns. Clearly, the interests of the investor group need to be voiced to the Court. However, the Receiver is unable to provide guidance and cannot act as an attorney for the investors. Moreover, it would be cost prohibitive and functionally impossible for each investor to hire an individual lawyer.

4.     Accordingly, the Receiver requests that the Court appoint an Examiner to monitor, report to the Court, communicate with investors, and voice the collective interests of investors with respect to the Receiver's actions. It is anticipated that as major decisions need to be made that affect the investors as a whole, the Examiner will convey the collective voice of the investors to the Court. The Examiner would act under the Court's direct supervision, as opposed to being retained as counsel for any particular investor, and would therefore be in a position to report to the Court objectively with respect to alternative courses of action as to which investors

1  may have conflicting interests, and to pursue matters as may be appropriate and consistent with
2  the directives of the Court herein.  Although Mr. Harr's normal billing rates and those of other
3  members of his firm exceed the normal rates in this district, he has agreed to adjust them
4  downward so as to be equal to the Receiver's rates and his local counsel.  Attached hereto as
5  Exhibit A is a schedule of Mr. Harr's rates.

6      5.    The Receiver has approached Steven A. Harr of the firm Munsch, Hardt, Kopf &
7  Harr, P.C., 500 N. Akard, Suite 3800, Dallas, Texas  75201, to act as Examiner.  Mr. Harr has
8  agreed to do so.  The Receiver has approached Mr. Harr because he has substantial experience as
9  an Examiner and has a complete understanding of the life settlement industry.  In addition, Mr.
10 Harr is currently serving as Examiner in two other life settlement receiverships.  *Michael J.*
11 *Quilling v. Trade Partners, et al,* Cause No. 1:03-CV-0236 (Western District of Michigan)
12 (7,000 investors); and *Securities and Exchange Commission v. ABC Viaticals, Inc., et al*; Cause
13 No. 3-06CV-2136 (Northern District of Texas) (4,000 investors).  Based upon the Receiver's
14 personal knowledge of Mr. Harr's performance as Examiner in the foregoing cases, the Receiver
15 believes he is well-qualified to serve in these proceedings.

16     6.    It is also anticipated that the Examiner will establish a website to allow quick and
17 cost effective communication through email and posted updates in understandable English.  The
18 Receiver requests that Mr. Harr be compensated out of receivership estate funds in accordance
19 with the same fee application procedures followed by the Receiver.  Such compensation
20 arrangement is acceptable to Mr. Harr.

21     7.    The Receiver understands that the Securities and Securities Commission does not
22 oppose the appointment of an examiner of the selection of Mr. Harr as the examiner.

23     WHEREFORE, PREMISES CONSIDERED, the Receiver prays that upon final
24 consideration of this motion that the Court enter an order appointing Steven A. Harr as Examiner
25 consistent with the terms of this motion, and for such other and further relief, general or special,
26 at law or in equity, to which the Receiver may show himself justly entitled.

|  |  |
|---|---|
|  | BOUTIN GIBSON DI GIUSTO HODELL INC. |
| Dated: November 30, 2007 | By  /s/ Maralee MacDonald<br>Maralee MacDonald<br>Attorneys for Receiver of Secure<br>Investment Services, Inc., American<br>Financial Services, Inc., and Lyndon<br>Group, Inc. |
|  | MOSS & LOCKE |
| Dated: November 26, 2007 | By  /s/ Bruce Locke (authorized 11/26/2007)<br>Bruce Locke<br>Attorneys for Defendant<br>Donald Neuhaus |
|  | KENNY, SNOWDEN & NORINE |
| Dated: November 30, 2007 | By  /s/ Mark Norcross (authorized 11/30/2007)<br>Mark Norcross<br>Attorneys for Defendant<br>Kimberly Snowden |

**ORDER**

IT IS SO ORDERED.

Dated: December 3, 2007

*Ronald S.W. Lew*

———————————————
Honorable Ronald S.W. Lew
Senior, U.S. District Court Judge

## **EXHIBIT A**

| | |
|---|---|
| Steve Harr, Shareholder | $350.00 |
| Dennis Roosien, Shareholder | $275.00 |
| Robert Luttrell, Associate | $260.00 |
| Leah Clinton, Associate | $230.00 |
| Mary Jo Martin, Paralegal | $ 90.00 |