IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>    v.<br><br>SECURE INVESTMENT SERVICES, INC.;<br>AMERICAN FINANCIAL SERVICES, INC.;<br>LYNDON GROUP, INC.; KIMBERLY<br>SNOWDEN; and LINDA NEUHAUS, in her<br>capacity as the administrator and<br>personal representative of the<br>estate of Donald Neuhaus,<br><br>        Defendants.** | 2:07-cv-01724-GEB-CMK<br><br><u>ORDER</u>* |

        On May 15, 2008, Receiver Michael J. Quilling filed a second interim application to allow and pay the fees and expenses of the Receiver and the fees and expenses of Quilling, Selander, Cummiskey & Lownds, P.C. ("QSCL"), his attorneys, for the period from February 1,

---

    * This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

    ** The docket indicates that Linda Neuhaus is now deceased. (Statement of Fact of Death, July 8, 2008, Dkt. No. 217.) Since a new administrator for Donald Neuhaus's estate has not yet been appointed, the caption has not been amended to reflect Linda Neuhaus's death.

1

2008 to April 30, 2008.  (Dkt. No. 141.)  On May 15, 2008, the Receiver also filed a second interim application to allow and pay the fees and expenses of Boutin Gibson Di Giusto Hodell Inc. ("Boutin"), his local counsel, for the period from February 1, 2008 to April 30, 2008.  (Dkt. No. 145.)  The Receiver has already paid himself and his attorneys 90% of their fees and 100% of their expenses pursuant to the order appointing him receiver.  (Order Appointing Receiver ¶ 17.)  The Receiver moves for approval of all fees and expenses and an award of the 10% fee holdbacks.  The Receiver submits QSCL and Boutin's billing invoices as evidence of the hours worked.  Plaintiff Securities and Exchange Commission and Defendants Kimberly Snowden and Linda Neuhaus do not oppose the Receiver's motions.

A review of the billing invoices shows an instance of duplicate billing by Boutin.  The February 29, 2008 entry by Maralee MacDonald ("MacDonald") in Boutin's February invoice claims .3 hours to, *inter alia*, "review draft scheduling conference statement; email Michael Quilling regarding same."  (Mot. for Fees and Expenses of Local Counsel, Ex. A, Boutin Billing Invoices ("Billing Invoices") at 3.)  Another entry for February 29, 2008 by MacDonald appears in Boutin's April invoice, claiming .7 hours to, *inter alia*, "review draft scheduling conference statement; email Michael Quilling regarding same."  (Billing Invoices at 7.)  Accordingly, Boutin's fee award is reduced by .3 hours ($87.00).  See Outdoor Sys., Inc. v. City of Mesa, 997 F.2d 604, 620 (9th Cir. 1993) ("A district court may reduce a fee award by excluding hours that are duplicative . . . .") (citing Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986)).  The remaining hours billed by QSCL and Boutin were reasonably expended.

CONCLUSION

The $117,065.00 in fees and $5,084.08 in expenses accrued by the Receiver and QSCL are reasonable and are approved, and the Receiver and QSCL are awarded the 10% fee holdback of $11,706.50, to be paid from the receivership assets.  The $6,380.50 in fees and $216.61 in expenses accrued by Boutin were reasonable and are approved, and Boutin is awarded a corrected fee holdback of $559.75, to be paid from the receivership assets.

IT IS SO ORDERED.

Dated:  July 10, 2008

GARLAND E. BURRELL, JR.
United States District Judge