**BOUTIN GIBSON DI GIUSTO HODELL INC.**
Chris Gibson, SBN 073353
Maralee MacDonald, SBN 208699
555 Capitol Mall, Suite 1500
Sacramento, California  95814-4603
Tel. (916) 321-4444

**QUILLING, SELANDER, CUMMISKEY & LOWNDS, P.C.**
Michael J. Quilling (Tex. Bar No. 16432300) – Admitted Pro Hac Vice
D. Dee Raibourn, III (Tex. Bar No. 24009495) – Admitted Pro Hac Vice
Brent J. Rodine (Tex. Bar No. 24048770) – Admitted Pro Hac Vice
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
Telephone:  (214) 871-2100
Facsimile:  (214) 871-2111

Attorneys for Michael J. Quilling
Receiver of Defendants Secure Investment Services, Inc.,
American Financial Services, Inc., and Lyndon Group, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>SECURE INVESTMENT SERVICES, INC., AMERICAN FINANCIAL SERVICES, INC., LYNDON GROUP, INC., DONALD F. NEUHAUS, and KIMBERLY A. SNOWDEN,<br><br>        Defendants. | Case No.  2:07-cv-01724 GEB CMK<br><br>STIPULATION AND ORDER AUTHORIZING RECEIVER TO INCREASE BANK FINANCING FACILITY |

The parties, at the request of Michael J. Quilling, the Receiver appointed in these proceedings ("Receiver"), submit this Stipulation and Order to Authorize Receiver to Increase Bank Financing Facility and in support of such would show the following:

/ / /

/ / /

# RECITALS

1.   By order of October 30, 2007, the Court appointed Michael J. Quilling as Receiver for Secure Investment Services, Inc. and other related entities ("SIS") and authorized him to take complete and exclusive control, possession, and custody of all receivership assets.

2.   The receivership estate's largest single asset is the portfolio of 44 life insurance policies with a combined death benefit exceeding $49 million.  Those policies currently carry premium obligations of roughly $1.6 million a year.  Failure to pay those premiums will cause some of the life insurance policies to lapse.

3.   The Receiver intends to continue paying premiums on the life insurance policies since those policies and their death benefits are the most promising source of recovery to pay over 600 investors and creditors with potential claims in this case.

4.   In order to pay premiums, the Receiver approached Sovereign Bank in Dallas, Texas, to discuss establishing a $3 million line of credit secured by some of the receivership estate's insurance policies.  The Receiver chose Sovereign Bank because it has experience in making loans secured by a portfolio of insurance policies.  After negotiation, Sovereign Bank agreed to establish a $3 million line of credit.

5.   On August 29, 2007, the Receiver filed a Stipulated Motion to Obtain Interim Bank Financing (Dkt. No. 38).  The Court entered its Order (Dkt. No. 57) authorizing the Receiver to borrow $200,000 from Sovereign Bank.  On February 21, 2008, the Receiver filed an Unopposed Motion to Approve Bank Financing (Dkt. No. 116), which proposed an increase in the available line of credit to $3 million. That increase was intended to ensure that premium obligations could be met through the 2008 calendar year.  The Court entered its Order (Dkt. No. 131) authorizing that increase on March 14, 2008.

4.   To date, the Receiver has borrowed $2,115,352.99 against that $3 million line of credit.  He will need to borrow another $1.7 million to make all premium payments for 2009 and prevent insurance policies from lapsing.  Since the Receiver is close to exhausting his current line of credit, he recently negotiated an increase in the financing facility to a total of $4 million.

5. Clearly, it is in the best interest of the receivership estate and the investors to keep these life insurance policies in force. An increase in the bank financing facility will ensure that enough funds are available to meet premium obligations for the immediate future.

## **STIPULATION**

WHEREFORE, PREMISES CONSIDERED, the parties stipulate to authorization of Receiver to increase the bank financing facility to $4 million in order to meet upcoming premium obligations.

BOUTIN GIBSON DI GIUSTO HODELL INC.

Dated: February 20, 2009     By  /s/ Maralee MacDonald
                                  Maralee MacDonald
                                  Attorneys for Receiver of Secure
                                  Investment Services, Inc., American
                                  Financial Services, Inc., and Lyndon
                                  Group, Inc.

SECURITIES AND EXCHANGE COMMISSION

Dated: February 20, 2009     By  /s/ John S. Yun (authorized Feb. 20, 2009)
                                  Thomas J. Eme
                                  John S. Yun
                                  Attorneys for Plaintiff Securities
                                  Exchange and Commission

KENNY, SNOWDEN & NORINE

Dated: February 20, 2009     By  /s/ Jonz Norine (authorized Feb. 20, 2009)
                                  Jonz Norine
                                  Attorneys for Defendant

Dated: February 20, 2009     MENNEMEIER GLASSMAN & STROUD

                             By /s/ Kenneth Mennemeier (authorized Feb. 20, 2009)
                                  Kenneth Mennemeier
                                  Attorneys for Examiner

# ORDER

IT IS SO ORDERED.

Dated:  February 26, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge

# CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of February, 2009, a copy of this stipulation and order was served on all interested parties through the Court's electronic filing system.  In addition, a copy of this motion was served on the following by First Class U.S. Mail:

Bazzle John Wilson
1291 Nunneley Road
Paradise, CA  95969

                              */s/ Maralee MacDonald*
                              Maralee MacDonald