IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>        v.<br><br>SECURE INVESTMENT SERVICES, INC.; AMERICAN FINANCIAL SERVICES, INC.; LYNDON GROUP, INC.; KIMBERLY SNOWDEN; and LINDA NEUHAUS, in her capacity as the administrator and personal representative of the estate of Donald Neuhaus,<br><br>        Defendants. | 2:07-cv-01724-GEB-CMK<br><br>ORDER |

On February 6, 2009, Gordon Harvey ("Harvey") filed a motion to intervene under Federal Rule of Civil Procedure 24(a)(2) for the purpose of compelling the Receiver (appointed in this action to oversee Defendant Secure Investment Services' ("SIS") assets) to return to Harvey $200,000 that he gave to SIS for investment purposes. Harvey contends a $200,000 check he gave SIS was not finally paid by his bank before August 24, 2007, the date on which a Temporary

1

Restraining Order issued in this action freezing SIS's assets, thus entitling him to have this $200,000 returned from the frozen assets. Plaintiff opposes the motion, arguing it is untimely and that "Harvey . . . fails to provide evidentiary support for his basic factual contention that his bank did not finally honor his check to SIS until midnight on August 24, 2007." (Pls. Opp'n at 1:25-26.)

Timeliness is "the threshold requirement" for intervention under Rule 24(a)(2). League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir. 1997).

> In determining whether a motion for intervention is timely, [the Ninth Circuit] considers [the following] three factors: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay. In considering these factors, however, we must bear in mind that any substantial lapse of time [in filing a motion] weighs heavily against intervention.

Id. (internal quotation and citation omitted).

Plaintiff argues these factors weigh against granting Harvey's motion since Harvey delayed filing his motion for a year and a half, even though he was aware of this action from the day it was filed on August 24, 2007. (Harvey Decl. ¶ 13)(declaring "I was unaware of any actions by the [Plaintiff] until after 5:00 p.m. on August 24, 2007, when I received an urgent telephone call . . . informing me of [Plaintiff's] action"). Harvey rejoins his delay was based on communications his counsel had with the Receiver, in which the Receiver told Harvey's attorney that an agreement would likely be reached and it was unnecessary for him to file an intervention motion. However, these communications occurred between November 2008 and January 2009, which was a late point in the "litigation continuum" of

2

this case. <u>Stupak-Thrall v. Glickman</u>, 226 F.3d 467, 475 (6th Cir. 2000)(stating "A critical factor [in evaluating timeliness] is what steps occurred along the litigation continuum during [the] period of time [the movant failed to intervene]"). Harvey provides no other justification for his delay.

Further, Plaintiff argues since Harvey "fail[ed] to seek intervention many months ago[, before discovery closed on January 9, 2009], Harvey has deprived [Plaintiff] of the opportunity to test his assertions through discovery of him and [his] bank." (Pl. Opp'n at 5:14-15.) <u>See</u> <u>Stupak-Thrall</u>, 226 F.3d at 474-8 (denying an intervention motion as untimely because *inter alia* the discovery deadline had closed ten weeks previously). <u>Compare with</u> <u>Hazel Green Ranch, LLC v. United States DOI</u>, 2007 WL 2580570 *3 (E.D. Cal. 2007)(permitting intervention where the lawsuit was in its "infancy," and holding there would not be prejudice to non-intervening parties because it was possible for the parties to comply with the issued Scheduling Order).

Plaintiff points to the declaration Harvey waited until his reply brief to file from Bob Tamehiro, the Group Operations Manager at Harvey's bank, as evidence that Harvey seeks to raise a discovery issue after the January 9, 2009 discovery completion date. In that declaration, Tamehiro declares, "Settlement for [Harvey's check] was made during our normal processing on August 23, 2007." (Rowlett Decl, Ex. 11.) Plaintiff argues this averment does not support Harvey's position that his check was not finally paid when the asset freeze was imposed on August 24, 2007. Since discovery has closed, and Harvey has failed to provide a sufficient reason justifying his delay in

3

seeking intervention, Harvey's motion is not "timely" under Rule 24(a)(2).

Accordingly, Harvey's motion to intervene is denied.

Dated: March 25, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge