IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | 2:07-cv-01724-GEB-CMK |
| v. | TENTATIVE RULING ISSUED IN ADVANCE OF APRIL 6, 2009 HEARING |
| SECURE INVESTMENT SERVICES, INC.; AMERICAN FINANCIAL SERVICES, INC.; LYNDON GROUP, INC.; KIMBERLY SNOWDEN; and LINDA NEUHAUS, in her capacity as the administrator and personal representative of the estate of Donald Neuhaus, | |
| Defendants. | |

On March 4, 2009, Defendant Kimberly Snowden ("Snowden") filed a motion to stay the pending civil action against her until resolution of a parallel criminal action, arguing she cannot respond to Plaintiff's pending motion for summary judgment without waiving her Fifth Amendment privilege against self-incrimination. Plaintiff opposes the motion, arguing Snowden's delay in filing the motion shows her Fifth Amendment rights are only marginally implicated in the civil case; and that the other factors considered in determining whether

this action should be stayed also weigh against granting Snowden's motion.

When deciding a motion to "stay civil proceedings in the face of a parallel criminal proceeding,"[1]

> the decisionmaker should consider the extent to which the defendant's [F]ifth [A]mendment rights are implicated. In addition, the decisionmaker should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Keating, 45 F.3d at 324-5(internal quotations and citations omitted).

Extent to Which Snowden's Fifth Amendment Rights are Implicated

Snowden contends since the civil complaint and criminal indictment are based on "substantially similar, if not identical," factual circumstances, she cannot respond to Plaintiff's summary judgment motion without waiving her Fifth Amendment rights. (D. Mot. at 4:11.) Plaintiff counters Snowden's delay in filing the motion shows her "Fifth Amendment rights are only marginally implicated" and that her motion is a disingenuous attempt to "head off a summary judgment motion at the eleventh hour." (Pl. Opp'n at 4:21-23.) Plaintiff contends the "stated basis for [Snowden's 'highly untimely'

---

[1] "The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings. In the absence of substantial prejudice to the rights of the parties involved, simultaneous parallel civil and criminal proceedings are unobjectionable under [Ninth Circuit] jurisprudence." Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995)(internal quotations and citations omitted).

2

stay] motion . . . has been apparent and available to her since August 2007." (Id. at 1:24; 2:13-15.) Snowden rejoins her delay was based on "ongoing attempts" at settlement with Plaintiff, which Snowden contends were unsuccessful because the terms were unfavorable to her Fifth Amendment rights. (D. Reply at 1:26-27.)

Snowden was indicted in the criminal matter on August 22, 2007, and Plaintiff filed its complaint in this civil action on August 23, 2007. However, Snowden delayed filing her stay motion until March 4, 2009, and noticed it for hearing on April 6, 2009, which is after the March 9, 2009 last law and motion hearing date prescribed in the Scheduling Order filed on June 6, 2008. Plaintiff's summary judgment motion sub judice was timely noticed for hearing on March 9, 2009. Snowden failed to timely oppose the motion and indicates that her stay motion is her untimely response to Plaintiff's summary judgment motion. However, Snowden concurred in a Joint Status Report filed on May 21, 2008, in which the parties represented that they anticipated being prepared for trial in March 2009; the June 6, 2008 Scheduling Order issued in accordance with this Joint Status Report. Therefore, Snowden should have been prepared for Plaintiff to file and notice a summary judgment motion before that trial date.

> At [the] time [the Scheduling Order issued, Snowden] had been under indictment for more than nine months and should have been aware of the Fifth Amendment dilemma [s]he might face. Yet, rather than seek a stay of the [civil action] at that time, [Snowden] waited more than [eight] months after issuance of the [S]cheduling Order and [more than eighteen months] after [her] indictment before doing so. In the end, [Snowden] waited until only [one] week[] before the scheduled [summary judgment] hearing to raise [her] concerns about the parallel proceedings and [her] Fifth Amendment privilege. Given Plaintiff's dilatory behavior, [it is reasonable to believe she] intentionally delayed filing [her] motion to stay for strategic reasons.

3

In re Anderson, 349 B.R. 448, 459 (E.D. Va. 2006) (denying a motion to stay as untimely, *inter ali*a, when the defendant delayed more than three months after issuance of the Scheduling Order and almost one year after indictment to seek a stay in the civil action).

Plaintiff argues a stay in the civil action will not assist Snowden in effectively opposing the summary judgment motion as she contends because Snowden should be barred from presenting certain evidence in opposition to this motion. Plaintiff contends Snowden is barred from presenting testimonial evidence in opposition to the motion because Snowden's invocation of her Fifth Amendment at her December 11, 2008 deposition precludes her from presenting this evidence. (Pl. Summary Judgment Motion at 2-3:25-1.)

> Trial courts generally will not permit a party to invoke the privilege against self-incrimination with respect to deposition questions and then later testify about the same subject matter at trial [or in presenting evidence in opposition to a summary judgment motion]. The Federal Rules of Civil Procedure contemplate full and equal discovery so as to prevent surprise, prejudice and perjury [ ]. Because the privilege may be initially invoked and later waived at a time when an adverse party can no longer secure the benefits of discovery, the potential for exploitation is apparent. The rights of the other litigant must be taken into consideration when one party invokes the Fifth Amendment during discovery, but on the eve of trial [or a summary judgment hearing] changes his mind and decides to waive the privilege. At that stage, the adverse party -- having conducted discovery and prepared the case without the benefit of knowing the content of the privileged matter -- would be placed at a disadvantage. The opportunity to combat the newly available testimony might no longer exist, a new investigation could be required, and orderly trial preparation could be disrupted.

Nationwide Life Ins. Co. v. Richards, 541 F.3d 903, 910 (9th Cir. 2008). Discovery in this action closed on January 9, 2009. "By

4

hiding behind the protection of the Fifth Amendment as to [her] contentions [during discovery], [Snowden] gives up the right to prove them. By [her] initial obstruction of discovery and [ ] subsequent assertion of the privilege, [Snowden] has forfeited the right to offer evidence disputing the [P]laintiff's evidence or supporting [her] own denials." SEC v. Benson, 657 F. Supp. 1122, 1129 (S.D.N.Y. 1987)(barring a defendant from presenting evidence in opposition to a summary judgment motion when he had previously invoked his Fifth Amendment rights)(cited in SEC v. Colello, 139 F.3d 674, 677-8 (9th Cir. 1998)).

Another factor considered in determining the extent to which a defendant's Fifth Amendment rights are implicated is whether the defendant has already provided sworn testimony which is relied upon by the plaintiff. See Federal Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 903 (9th Cir. 1989)(concluding, *inter alia*, that because a defendant had already provided sworn testimony which was the basis for plaintiff's summary judgment motion, the burden on defendant's Fifth Amendment rights was "negligible"). During Plaintiff's investigation of this action, and preceding its filing of the instant action, it issued a subpoena for Snowden to appear at an investigatory examination. On May 14, 2007, Snowden testified under oath before Plaintiff and did not invoke her Fifth Amendment rights. (Eme Decl. ¶ 4, Ex. 3) Plaintiff relies on this testimony in support of its summary judgment motion.

Plaintiff further argues that the other factors in considering a stay motion weigh against granting Snowden's motion.[2]

---

[2]The other factors considered, including the burden on the defendant
(continued...)

Potential Prejudice to Plaintiff

Plaintiff argues it has a "strong interest in promptly obtaining" the equitable relief it seeks in its summary judgment motion, which includes a permanent injunction enjoining Snowden from committing future violations of the Securities and Exchange Act and an order requiring Snowden to disgorge the profits she made in violation of these laws. (Pl. Opp'n at 4:26.) Plaintiff argues it would be "unnecessarily prejudice[d]" in obtaining this relief if a stay were to be granted. (Id. at 5:2.)

Interests of Non-Parties and the Public at Large

Plaintiff also argues a stay is counter to the public interest as hundreds of non-parties invested millions of dollars into the Ponzi scheme involved in this matter. (Id. at 5:19-20.) The public at large also has an interest in prompt resolution of cases involving violations of the Securities and Exchange Act. See Keating, 45 F.3d at 326 (stating that granting a stay, and thus delaying resolution of a case which was a matter of public interest, "would have been detrimental to public confidence").

> [T]he Supreme Court[, in holding that the 'federal government may pursue civil and criminal actions [ ] simultaneously,'] observed that prompt investigation and enforcement both civilly and criminally [is] sometimes necessary in order to protect the public interest and that deferring or foregoing either civil or criminal prosecutions could jeopardize that interest . . . This principle is fully applicable when [Plaintiff] and Justice Department each seek to enforce the federal securities laws through separate civil and criminal actions."

---

[2](...continued)
and the convenience to the court, have previously been addressed in discussing the burden on Snowden's Fifth Amendment rights and the untimeliness of her stay motion.

SEC v. First Financial Group, Inc., 659 F.2d 660, 667 (5th Cir. 1981).

The foregoing discussion reveals that Snowden has not sustained her burden of showing that her Fifth Amendment rights outweigh the other factors involved with determination of whether to grant a stay motion. See Molinaro, 889 F.2d at 903 (concluding the burden on defendant's fifth amendment rights was outweighed by the other factors considered in determining whether to grant a stay). Therefore, Snowden's motion to stay is denied.

Dated: April 3, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge