UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　Plaintiff,<br><br>v.<br><br>SECURE INVESTMENT SERVICES, INC., AMERICAN FINANCIAL SERVICES, INC., LYNDON GROUP, INC., DONALD F. NEUHAUS, and KIMBERLY A. SNOWDEN,<br><br>　　　Defendants. | Case No.  2:07-cv-01724 GEB CMK<br><br>ORDER COMPELLING RE-PAYMENT OF FICTITIOUS BOND FROM DAVID GREEN [RIC-J(1)] |

On this day the Court considered the Receiver's Motion to Compel Re-Payment of Fictitious Bond from David Green [RIC-J(1)].  Having carefully considered the Motion and the pleadings and papers on file in this case, the Court is of the opinion, and so finds, that the Motion should be granted.  Accordingly,

It is ORDERED that David Green ("Green") shall pay $900.00 to the Receiver within 10 days of the date of this Order.  That amount is a return of the fictitious bond payment that Secure Investment Services, Inc. paid to Green.

It is FURTHER ORDERED that, if Green fails to timely pay that amount, his 0.48% ownership and beneficiary interest in the RIC-J(1) Policy (policy no. BU1099709) will automatically be forfeited to the receivership estate and replaced with a claim against the receivership estate for $2,000.00 in Green's favor.

It is FURTHER ORDERED that, consistent with the Court's previous Order (Dkt. 751), Green shall continue to pay the Receiver for Green's share of all additional premium obligations for the RIC-J(1) Policy within 10 days after the issuance of a written invoice.

It is FURTHER ORDERED that, if Green fails to timely pay his share of additional premium obligations, his 0.48% ownership and beneficiary interest in the RIC-J(1) Policy

(policy no. BU1099709) will automatically be forfeited to the receivership estate and replaced with a claim against the receivership estate for $2,000.00 in Green's favor.

It is FURTHER ORDERED that any claim against the receivership estate that is created by this Order is subordinate to the claims of all other investors and no distribution will be made to Green until all other investors receive a 45% distribution from the receivership estate.

It is FURTHER ORDERED that, if Green's ownership and beneficiary interest are forfeited to the receivership estate, Mutual of Omaha is ORDERED to change its records to reflect and effectuate that transfer.

**Date: 7/8/2011**

_____
GARLAND E. BURRELL, JR.
United States District Judge