**BOUTIN JONES INC.**
Chris Gibson, SBN 073353
Maralee Eriksen, SBN 208699
555 Capitol Mall, Suite 1500
Sacramento, California 95814-4603
Tel. (916) 321-4444

**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
Michael J. Quilling (Tex. Bar No. 16432300) – Admitted Pro Hac Vice
Brent J. Rodine (Tex. Bar No. 24048770) – Admitted Pro Hac Vice
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 871-2100
Facsimile: (214) 871-2111

Attorneys for Michael J. Quilling
Receiver of Defendants Secure Investment Services, Inc.,
American Financial Services, Inc., and Lyndon Group, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>SECURE INVESTMENT SERVICES, INC., AMERICAN FINANCIAL SERVICES, INC., LYNDON GROUP, INC., DONALD F. NEUHAUS, and KIMBERLY A. SNOWDEN,<br><br>        Defendants. | Case No. 2:07-cv-01724 GEB CMK<br><br>STIPULATION AND ORDER AUTHORIZING RECEIVER TO INCREASE BANK FINANCING FACILITY |

TO:    THE HONORABLE GARLAND E. BURRELL, JR., UNITED STATES DISTRICT JUDGE:

Michael J. Quilling, the Receiver appointed in these proceedings ("Receiver"), files this Stipulation and Order Authorizing Receiver to Increase Bank Financing Facility and in support of such would show the following:

- 1 -
**Receiver's Motion to Compel Payment of Premium Share from «Investor» [«Viator»]**
516100.1

1. By order of October 30, 2007, the Court appointed Michael J. Quilling as Receiver for Secure Investment Services, Inc. and other related entities ("SIS") and authorized him to take complete and exclusive control, possession, and custody of all receivership assets.

2. The receivership estate's largest single asset is a portfolio currently comprised of 33 life insurance policies with a combined death benefit exceeding $30 million. Those policies currently carry premium obligations of roughly $1.6 million a year. Failure to pay those premiums will cause some of the life insurance policies to lapse.

3. Since the Receiver's appointment, by Court Order four policies with face value totaling $11,250,000.00 have been abandoned or sold because the cost of premiums did not make it economically feasible to continue to maintain the policies. (See Dkt. Nos. 254, 767, and 817.) In addition, 11 policies have matured with a total of $7,614,074.35 in death benefits paid to the receivership estate. The Receiver has used those funds to pay down the amount borrowed that is described below, and to continue to pay monthly premiums due on the current portfolio of life insurance policies.

4. The Receiver intends to continue paying premiums on the 33 remaining life insurance policies since those policies and their death benefits are the most promising source of recovery to pay over 800 investors and creditors with claims in this case.

5. In order to pay premiums, the Receiver approached Sovereign Bank in Dallas, Texas, to discuss establishing a $3 million line of credit secured by some of the receivership estate's insurance policies. The Receiver chose Sovereign Bank because it has experience in making loans secured by a portfolio of insurance policies. After negotiation and as described below, Sovereign Bank agreed to establish a $3 million line of credit, which was increased to $4 million in 2009.

6. On August 29, 2007, the Receiver filed a Stipulated Motion to Obtain Interim Bank Financing (Dkt. No. 38). The Court entered its Order (Dkt. No. 57) authorizing the Receiver to borrow $200,000 from Sovereign Bank.

7. On February 21, 2008, the Receiver filed an Unopposed Motion to Approve Bank Financing (Dkt. No. 116), which proposed an increase in the available line of credit to $3 million. That increase was intended to ensure that premium obligations could be met through the 2008 calendar year. The Court entered its Order (Dkt. No. 131) authorizing that increase on March 14, 2008.

8. On February 20, 2009, the Receiver filed a Stipulation and Order to Increase Bank Financing Facility (Dkt. No. 469), which proposed an increase in the available line of credit to $4 million. That increase was intended to ensure that premium obligations could be met through the 2009 calendar year. The Court entered its Order (Dkt. No. 470) authorizing that increase on February 26, 2009.

9. The Receiver constantly monitors the health status of the viators named on the current portfolio of insurance policies. The Receiver has been advised several insureds, with death benefits in excess of $4 million, are in ill health. Therefore, the Receiver anticipates policies to mature in the next several months.

10. To date, the Receiver has borrowed $3,767,204.00 against that $4 million line of credit. Since the Receiver is close to exhausting his current line of credit, he recently negotiated an increase in the financing facility to a total of $4.5 million. It is hoped that maturities from policies will allow the Receiver to repay most, if not all, of the line of credit before it is exhausted.

11.     Clearly, it is in the best interest of the receivership estate and the investors to keep the remaining life insurance policies in force. An increase in the bank financing facility will ensure that enough funds are available to meet premium obligations for the immediate future.

WHEREFORE, PREMISES CONSIDERED, the parties stipulate to authorization of Receiver to increase the bank financing facility to $4.5 million in order to meet upcoming premium obligations.

                              QUILLING, SELANDER, LOWNDS,
                                  WINSLETT & MOSER, P.C.

Dated: February 14, 2013         By: _____*/s/ Michael J. Quilling*_____
                                       Michael J. Quilling
                                       Brent J. Rodine
                                       Attorneys for Receiver


U.S. SECURITIES AND EXCHANGE
COMMISSION

Dated: February 18, 2013         By: _____*/s/ Thomas J. Eme* (authorized on 2/18/13)_____
                                       Thomas J. Eme
                                       John S. Yun
                                       Attorneys for Plaintiff Securities and Exchange
                                       Commission

MUNSCH HARDT KOPF & HARR, P.C.

Dated: February 14, 2013         By: _____*/s/ Steven A. Harr* (authorized on 2/14/13)_____
                                       Steven A. Harr
                                       Dennis L. Roossien, Jr.
                                       Attorneys for Examiner

**ORDER**

IT IS SO ORDERED.

March 1, 2013

                                       GARLAND E. BURRELL, JR.
                                       Senior United States District Judge

Receiver's Motion to Compel Payment of Premium Share from «Investor» [«Viator»]

516100.1