UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>SECURE INVESTMENT SERVICES, INC.; AMERICAN FINANCIAL SERVICES, INC.; LYNDON GROUP, INC.; DONALD F. NEUHAUS; and KIMBERLY A. SNOWDEN,<br><br>    Defendants. | No. 2:07-cv-01724-GEB-CMK<br><br>**ORDER** |

Court appointed Receiver Michael J. Quilling filed a motion in this action on April 4, 2017, in which he seeks authority to pay unclaimed receivership funds to the United States Treasury. The Receiver explains in the motion that fifty-seven of the investors never cashed or otherwise negotiated checks sent to them, and consistent with the court approved Final Report and Distribution Plan, each mailed distribution check stated on its face that it would be void if not cashed within 90 days. That time period has expired.

The Receiver provides the following explanation for his request in the motion:

> The total of the unclaimed funds is $26,668.22. There are 695 investors who did cash their checks. Their claims total $25,370,801.18. The cost of postage to mail 695 new checks would total $319.0 ([$0].46 x 695)[,] which would leave a balance of 426,348.52 to distribute against the claims

1

>  of $25,370,801.18 for a distribution percentage of 0.00104%[.] Accordingly, most of the distribution checks would be for only a couple of dollars. Moreover, such a procedure would require the case to remain open for several more months.

Receiver's Mot. 2:23-3:2, ECF No. 995.

The Receiver further explains:

> [T]he only practical way to close out this receivership is for the Court to authorize the receiver to send the residual balance to the [United States Securities and Exchange] Commission, which will then transfer those funds to the United States Treasury. The Receiver therefore requests an order directing the issuance of a check or money order for the residual balance, along with any funds received in the future by the Receiver, made payable to the "Securities and Exchange Commission" and mailed to Enterprise Services Center, Accounts Receivable Branch, 6500 South MacArthur Boulevard, Oklahoma City, OK 73169. The check or money order will be accompanied by an appropriate cover letter identifying the receiver, the case name, the civil action number and the court authorizing the transfer.

Id. at 3:13-22 (citation omitted).

The Receiver also states he conferred with the Securities and Exchange Commission and that it does not oppose the motion. Id. at 5. This lawsuit was initiated by the Securities and Exchange Commission and it asked the court to appoint the Receiver.

"Where distribution to identifiable injured parties is not feasible or appropriate, the money disgorged by the defendant is paid to the Treasury." S.E.C. v. Drexel Burnham Lambert, Inc. (S.D.N.Y. 1997). Since the Receiver has shown that distribution of the remaining funds to the investors is impracticable, the motion is GRANTED.

2

The Receiver is authorized to pay the residual balance of funds totaling $28,668.22, as well as any funds received in the future by the Receiver in connection with the receivership estate, to the Securities and Exchange Commission for remission to the United States Treasury.

The check or money order shall be made payable to the "Securities and Exchange Commission" and mailed to Enterprise Services Center, Accounts Receivable Branch, 6500 South MacArthur Boulevard, Oklahoma City, OK 73169.

The check or money order shall be accompanied by an appropriate cover letter identifying the receiver, the case name, the civil action number and the court authorizing the transfer. The Securities and Exchange Commission shall send the funds received pursuant to this Order to the United States Treasury.

In light of this order, the scheduled May 15, 2017 hearing on the motion is vacated.

IT IS SO ORDERED.

Dated: May 8, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge